[Civ. No. 3205.   Second Appellate District, Division Two.—June 3, 1920.]

ELAM GRIZZEL, Appellant, v. GOOD FELLOWS GROTTO, GRILL AND OYSTER HOUSE (a Corporation), Respondent.

[1] NEGLIGENCE—ACTION FOR DAMAGES FOR PERSONAL INJURIES—EMPLOYMENT BY INDEPENDENT CONTRACTOR—ABSENCE OF NEGLIGENCE —JUDGMENT.—In an action to recover damages for personal injuries sustained by plaintiff while employed in the making of certain repairs on a building owned by defendant, where the evidence shows without conflict that the person who employed plaintiff to make such repairs was an independent contractor or there is no proof of negligence on the part of defendant, judgment for the defendant is proper.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Louis W. Myers, Judge.   Affirmed.

The facts are stated in the opinion of the court.

David A. Jacobs for Appellant.

Duke Stone for Respondent.

THOMAS, J.—Plaintiff brings this action against the defendant to recover damages for personal injuries sustained while employed in the making of certain repairs on a building owned by defendant. The record discloses the fact that plaintiff was, at the time of the trial, a man forty-two years of age, and a carpenter, with some ten or twelve years' experience in that calling in the city of Los Angeles. That as the result of a conversation had with one Aaron, he went to work on the said building. According to his own testimony, plaintiff had no conversation in reference to his being employed or his employment on said work with anyone, except the said Aaron. In that conversation plaintiff made no inquiry as to whether Aaron was the agent, acting in any capacity for the defendant, or whether he was acting in the matter as an independent contractor.

It further appears from the record that Aaron had entered into a verbal contract with the defendant to con-

struct a certain skylight in the building already referred to; that the price to be paid by defendant to said Aaron was stated and agreed upon; that the price so agreed upon was a lump sum, and that for this lump sum Aaron was to furnish all materials and labor. As to these facts there is no conflict in the evidence. After the conversation between Aaron and plaintiff, the latter went to work and proceeded to put in the skylight. After the opening in the ceiling was made, and because of some mistake or miscalculation of said Aaron, by reason of which the opening was not cut in the proper place, plaintiff was directed by Aaron to extend the same. During this work it was necessary to saw off certain rafters of the building, and to do this plaintiff and another man employed by Aaron placed a "two by ten" scantling board across the opening and sat upon it. While thus proceeding to saw off the rafters, the ceiling, for some reason not disclosed by the evidence, gave way, causing plaintiff to fall, from which he sustained the injuries damages for which are here sought.

The case was tried by the court without a jury, the court finding for the defendant on all the issues.

The theory upon which this action is prosecuted by plaintiff is that Aaron was the ostensible agent of the defendant. The defendant, on the other hand, contends that Aaron was an independent contractor.

The only evidence contained in the record—and we have read all of it—to support plaintiff's contention as to the claimed ostensible agency is the fact that plaintiff saw a card posted in defendant's place of business by the contents of which it was made to appear that the work was being done by day labor, and that the owner's name was "Good Fellows Grotto." In the blank space on this card, after the words "Contractor's Name," appeared the words: "None. Day Work." This card, as shown by the record without conflict, was the usual and ordinary "permit," which had been obtained by Aaron from the city authorities of the city of Los Angeles to perform the work. It appears that the defendant corporation, or any of its officers or anyone acting for it, knew nothing about this card.

It also appears that the plaintiff, after his injuries, and within the time provided by law, made application to the Industrial Accident Commission for compensation against

Aaron, and in that application, among other things, gave the name of D. W. Aaron as his employer; that after full hearing on said application, at which plaintiff testified that Aaron was his employer, the commission made an award in his favor on account of the same injuries set up in this action; and that thereafter plaintiff made application to the commission to set aside such judgment of award that he might prosecute this action, which application was granted.

It is contended by respondent that appellant, having elected to take compensation against Aaron, the commission was without authority of law, and was not authorized by section 81 of the Workmen's Compensation Act, as it then existed, to set aside said award; and that the judgment entered in this action may be sustained on this ground alone. We think it unnecessary to pass upon this point. As we see it, irrespective of the alleged ostensible agency of Aaron, as claimed by plaintiff, or the absence of jurisdiction of the Industrial Accident Commission to set aside its said award, as claimed by defendant, and even though the action were involved directly against the defendant without the theory of "ostensible agency," the judgment finds ample support in the evidence. [1] In our opinion the evidence shows without conflict: (1) That Aaron was, so far as this case is concerned, an independent contractor; and (2) that thtre is no proof of negligence on the part of defendant. Either of these propositions, standing alone, would be sufficient to support the judgment entered. Both propositions are, we think, sound.

Having considered all the points raised by appellant, we deem it unnecessary to cite authorities to sustain the conclusion we have reached.

Judgment affirmed.

Finlayson, P. J., and Weller, J., concurred.